IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL B. WOOLMAN, | ) | |
| | ) | |
| Plaintiff, | ) | 4:12CV3172 |
| | ) | |
| v. | ) | |
| | ) | |
| THE LODGE and PERRY REID PROPERTIES, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his complaint in this matter on August 13, 2012 (Filing No. 1). Plaintiff has previously been given leave to proceed *in forma pauperis*. The Court now conducts an initial review of plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I.   **SUMMARY OF COMPLAINT**

Plaintiff filed his complaint against two defendants, which the Court liberally construes as the owners of plaintiff's previous apartment (Filing No. 1 at CM/ECF p. 1). Plaintiff alleges that, while living in his former apartment, he contracted "dysentery" due to defendants' failure to act on his complaints relating to the smell of urine and feces in his apartment. (*Id.* at CM/ECF pp. 2-3.) Plaintiff alleges that he made approximately 10 complaints, but defendants did nothing. Plaintiff became sick and "all [his] furniture & clothes, had to be thrown away." (*Id.* at CM/ECF p. 2.) Plaintiff claims his former apartment was "the nastiest apartment ever" because urine and feces was being

"pumped" through it by defendants. (*Id.* at CM/ECF pp. 2-3.) These conditions violated the "Nebraska Renters Act." (*Id.* at CM/ECF p. 3.) Plaintiff requests that the Court award him damages for his personal property loss and his medical bills. (*Id.* at CM/ECF pp. 4-5.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to

state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

**III. DISCUSSION OF CLAIMS**

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction. For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Natl. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). In addition, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a). Here, plaintiff does not allege the citizenship of either defendant and does not allege any amount in controversy (Filing No. 1). Plaintiff does allege that defendants are headquartered in Lincoln, Nebraska. (*Id.* at CM/ECF p. 1.) Liberally construed, there is nothing before the Court sufficient to establish diversity of citizenship as a basis for jurisdiction in this matter.

However, subject matter jurisdiction is also proper where a plaintiff asserts a "non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986). As set forth above, plaintiff alleges that defendants failed to take action when he repeatedly complained about the living conditions in his privately-run apartment (Filing No. 1). At best, such allegations amount to a landlord-tenant dispute under Nebraska state law only. Indeed, plaintiff does not set forth any specific actions taken by defendants that violate any constitutional right or support a claim under 42 U.S.C. § 1983 or any other federal statute. *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997). In short, plaintiff does not allege that defendants deprived him of a right secured by the Constitution or laws of the United States or that the alleged deprivation was committed under "color of state law." *West*, 487 U.S. at 48; *Buckley*, 997 F.2d at 495. Thus, the Court lacks subject matter jurisdiction, and the complaint will be dismissed without

prejudice.  A separate order will be entered in accordance with this memorandum opinion.

        DATED this 5th day of September, 2012.

                      BY THE COURT:

                      /s/ Lyle E. Strom

                      _____
                      LYLE E. STROM, Senior Judge
                      United States District Court

---

\* This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.